COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
JOSEPH S. LEVENTHAL (221043)
(jleventhal@cooley.com)
SARAH R. BOOT (253658
(sboot@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:   (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant
The ServInt Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT

| | |
|---|---|
| Barry Rosen,<br><br>            Plaintiff,<br><br>       v.<br><br>The ServInt Corporation, and Does 1 through 10,<br><br>            Defendants. | Case No.  CV-10-01940 MMM (SHx)<br><br>**THE SERVINT CORPORATION'S COUNTERCLAIM FOR: (1) VIOLATION OF THE COPYRIGHT ACT, 17 U.S.C. § 512(f); (2) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW; (3) TORTIOUS INTERFERENCE WITH CONTRACT; (4) NEGLIGENT INTERFERENCE WITH CONTRACT; AND (5) DECLARATORY RELIEF** |
| The ServInt Corporation,<br><br>            Counterclaim Plaintiff,<br><br>v.<br><br>Barry Rosen, and Roes 1 through 10,<br><br>            Counterclaim Defendants. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

1   Defendant and Counterclaim Plaintiff The ServInt Corporation ("ServInt")
2   alleges on information and belief as follows:

3   1.   This is an action for violation of 17 U.S.C. § 512(f), part of the U.S.
4   Copyright Act, violation of California's Unfair Competition Law ("UCL"),
5   Business and Professions Code §§ 17200 *et seq.*, tortious interference with contract,
6   negligent interference with contract, and declaratory relief, seeking a judicial
7   declaration that Plaintiff and Counterclaim Defendant Barry Rosen ("Rosen")
8   engaged in copyright misuse and, as a result, is precluded from enforcing his
9   copyrights during the period of misuse.

10   THE PARTIES

11   2.   Defendant and Counterclaim Plaintiff ServInt is a Virginia
12   Corporation doing business in the State of California and is, and at all times herein
13   mentioned was, qualified to do business in the State of California.

14   3.   Plaintiff and Counterclaim Defendant Rosen is an individual who, on
15   information and belief, resides in Los Angeles, California.

16   4.   ServInt is unaware of the true names and capacities of Counterclaim
17   Defendants sued herein as Roes 1-10 and, therefore, sues these Counterclaim
18   Defendants by such fictitious names.   Counterclaim Plaintiff will amend this
19   Counterclaim to allege their true names and capacities when ascertained.
20   Counterclaim Plaintiff is informed and believes and therefore alleges that each of
21   the fictitiously named Counterclaim Defendants is responsible in some manner for
22   the allegations herein.

23   JURISDICTION AND VENUE

24   5.   This Court has exclusive jurisdiction over this counterclaim under 28
25   U.S.C. §§ 1331 and 1338(a) because it arises under the Copyright Act, 17 U.S.C.
26   §§ 101 et *seq.*  In addition, the Court has supplemental jurisdiction under 28 U.S.C.
27   § 1367.
28   / / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

6.      Venue is proper in this Court under 28 U.S.C. § 1400(a) because Rosen resides in this judicial district.

## GENERAL ALLEGATIONS SUPPORTING THE COUNTERCLAIMS

7.      ServInt provides reliable web hosting services to thousands of customers around the world.  When ServInt was founded in 1995, the term "dedicated server" did not exist.  While the website hosting industry did exist, most websites were hosted on shared accounts.  ServInt's model put more power into the hands of its customers, giving them entire servers and helping them build their websites on those servers.  The hosting platform ServInt helped develop eventually became known as the "dedicated server."  Many of ServInt's customers are resellers that purchase Internet access from ServInt and re-sell that access to third parties.

8.      At every stage of its development, ServInt has been an organization that has taken the technologies of the day and developed them into strong and stable solutions.  ServInt built solutions that businesses could rely upon to better achieve their goals and bolster their livelihoods.

9.      ServInt also serves nonprofit organizations, offering programs for free or significantly discounted hosting.  Through its FreeNet program, ServInt has provided Enterprise-grade web infrastructure for hundreds of nonprofit organizations.  The company is also philanthropic with its executives serving groups such as the San Diego Social Venture Partners and the Equinox Center.

10.     ServInt is rated "A" and accredited by the Better Business Bureau.  It has won numerous awards for its services, including first place in the "managed hosting" category by Dedicated Server Directory and recognized as "best of the best" by FindMyHost.com.  ServInt is also active with the United States Internet Industry Association ("USIIA") with an executive serving as a board member.  The USIIA is focused on fostering fair competition and fueling broadband adoption on the Internet.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

11.     ServInt is also a leader in protecting intellectual property rights on the Internet and has a zero tolerance policy for data on its servers that infringe any intellectual property rights, including copyrights.  For example, upon learning that there is potentially infringing material on its servers, ServInt acts expeditiously to remove, or disable access to, the material.  In appropriate circumstances and in accordance with the Digital Millennium Copyright Act, ServInt terminates repeat infringers.  This is consistent with ServInt's robust Acceptable Use Policy, which prohibits its customers from infringing copyrights.  The Acceptable Use Policy is publicly posted on ServInt's website.  The Acceptable Use Policy also allows ServInt to cooperate with law enforcement with respect to conduct that may occur on its servers.  In fact, ServInt has cooperated with the Federal Bureau of Investigation related to postings on its servers by ServInt customers or third parties. To facilitate the identification of potentially infringing material, ServInt has designated an agent to receive notifications of claimed infringement and has posted this information on its website in public view.

12.     Rosen is an individual who claims to be a professional photographer. While he has registered certain copyrights with the United States Copyright Office, it does not appear that Rosen's primary source of income is as a professional photographer.  For example, Rosen has only approximately 15 photographs that have been registered with the Copyright Office in the last five years, the vast majority of which are unpublished and the remainder of which primarily reflect individuals who are engaged in adult entertainment, such as "Stormy Daniels" and Erika Eleniak.

13.     Rosen's primary focus over the last five years has been the filing of lawsuits alleging copyright infringement.  He has filed more than 20 lawsuits in the last five years – more lawsuits than copyright registrations.  Rosen has sent countless notices to numerous businesses under the Digital Millennium Copyright Act for online images that Rosen alleges infringe his copyrights.  The majority of

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

the lawsuits Rosen files target Internet service providers, which often causes the Internet service provider to terminate the purported direct infringer.  Rosen does not appear to target the purported direct infringer of his works.   To the contrary, Rosen's failure to pursue the direct infringers leaves these actors unchecked and allows Rosen to perpetuate his lawsuits against Internet service providers.

14.    On information and belief, many of the images for which Rosen submits notices of claimed infringement are images that Rosen either: (1) does not own a copyright; or (2) has not registered with the Copyright Office.   ServInt believes that Rosen knowingly makes these misrepresentations in his notices of claimed infringement.

15.    As only one example, Rosen submitted notices of claimed infringement to ServInt – two notices on February 27, 2010 and one on March 4, 2010.  In each of these notices, Rosen provided links to images for which he did not have a copyright registered with the Copyright Office.  Based on this conduct, it is uncertain whether Rosen has any intellectual property interest in the images that were the subject of the notices of claimed infringement.  Rosen subsequently filed the present lawsuit alleging infringement based on these same images for which Rosen does not have a copyright registered with the Copyright Office.

### FIRST CAUSE OF ACTION
### (Violation of the Copyright Act, 17 U.S.C. § 512(f))

16.    ServInt re-alleges and incorporates Paragraphs 1 through 15 of this Counterclaim as though fully set forth herein.

17.    In the notices of claimed infringement submitted to ServInt, including, but not limited to, notices dated February 21, 2010, February 25, 2010, February 27, 2010 (two notices), and March 4, 2010 (two notices), Rosen knowingly made material misrepresentations that images on ServInt's servers infringed Rosen's intellectual property rights, as described more fully above.

/ / /

Cooley LLP
Attorneys At Law
San Diego

4.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

18.   As a proximate result of Rosen's conduct, ServInt has suffered injury and has been damaged in an amount subject to proof at trial to include actual damages, including costs and attorneys' fees, incurred by ServInt as permitted under 17 U.S.C. § 512(f).

## SECOND CAUSE OF ACTION
### (Violation of California's Unfair Competition Law)

19.   ServInt re-alleges and incorporates Paragraphs 1 through 18 of this Counterclaim as though fully set forth herein.

20.   Rosen's conduct alleged above constitutes unfair business practices within the meaning of and in violation of California Business & Professions Code sections 17200 *et seq.*

21.   As a result of Rosen's conduct, ServInt has been harmed as alleged above.

22.   Specifically, ServInt suffered injury in fact and lost money or property as a result of Rosen's conduct in that it lost certain revenue due to the exclusion of certain accounts from its servers under the mistaken belief that the accounts were enabling the hosting of images that infringed Rosen's copyrights.

23.   As a result of Rosen's conduct, ServInt is entitled to and seeks disgorgement and/or restitution of any revenue received by Rosen as a result of his unlawful conduct and an injunction.

## THIRD CAUSE OF ACTION
### (Tortious Interference with Contract)

24.   ServInt re-alleges and incorporates Paragraphs 1 through 23 of this Counterclaim as though fully set forth herein.

25.   Rosen knows that ServInt entered into contracts between it and its customers for the provision of website hosting.  Rosen is further aware that notices of claimed infringement are likely to result in ServInt forcing the removal of particular customer content and possibly the termination of a customer account,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

1   regardless of whether such conduct actually infringes intellectual property rights,
2   because of the legal obligations imposed on ServInt.

3       26.    Rosen knew, for example, that his submission of notices of claimed
4   infringement for images hosted on ServInt's infrastructure for the domains
5   wallpapers4u.com and celebritieshub.com were likely to result in ServInt forcing its
6   customer to remove certain content from those domains or to shut down those
7   domains entirely.  Rosen knew further that the submission of repeated notices of
8   alleged infringement for these two domains was likely to result in ServInt
9   terminating its relationship with the customer's entire server account related to the
10   hosting of these domains, thereby losing all revenue associated with the account,
11   not just the domains.

12       27.    As a direct and proximate result of the actions of Rosen as alleged
13   herein, ServInt has suffered and continues to suffer damages in an amount to be
14   proven at trial.  In undertaking the course of conduct alleged herein, Rosen acted
15   with oppression and malice in that he deliberately submitted notices of claimed
16   infringement with false information to intentionally harm ServInt's business.
17   ServInt is therefore entitled to punitive damages in an amount sufficient to punish
18   Rosen and to deter him from engaging in such conduct in the future.

19
20   **FOURTH CAUSE OF ACTION**
**(Negligent Interference with Contract)**

21       28.    ServInt re-alleges and incorporates Paragraphs 1 through 27 of this
22   Counterclaim as though fully set forth herein.

23       29.    Rosen's conduct, as alleged more fully in paragraphs 25 through 27 of
24   this Counterclaim, if not intentional, was at least negligent.

25       30.    Rosen's conduct disrupts, and has disrupted, the contractual
26   relationship between ServInt and its customer that hosts the domains subject to
27   Rosen's notices of claimed infringement.  Rosen's conduct, as described above,
28   was undertaken by using improper motive and means.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

31.    As a direct and proximate result of the actions of Rosen as alleged herein, ServInt has suffered and continues to suffer damages in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### (Declaratory Relief)

32.    ServInt re-alleges and incorporates Paragraphs 1 through 31 of this Counterclaim as though fully set forth herein.

33.    Rosen possesses one or more copyrights.  Relying on the fact that he possesses one or more copyrights, and the fact that images associated with copyright registrations are not publicly available, Rosen submits notices of claimed infringement under the Digital Millennium Copyright Act that contain false information.

34.    Rosen has asserted his copyrights, in both notices of claimed infringement and to allege infringement by ServInt and others, in an attempt to leverage the limited monopoly granted by the Copyright Act to areas outside the copyright monopoly or otherwise granted by the Copyright Act including to images for which Rosen does not have a valid or enforceable copyright registered with the U.S. Copyright Office.

35.    Rosen's use of the Copyright Act in conjunction with his copyrights in this manner violates the underlying public policy of the Federal copyright laws. Rosen's use of the Copyright Act in conjunction with his copyrights to expand his monopoly to areas outside the copyright grant in a manner that is contrary to public policy constitutes a misuse of Rosen's copyrights.

36.    ServInt has been directly harmed by Rosen's use of the Copyright Act in conjunction with Rosen's misuse of his copyrights.  ServInt is therefore entitled to a declaratory judgment finding Rosen's copyrights to be unenforceable until that time that Rosen discontinues the use of the Copyright Act in conjunction with the misuse of his copyrights.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

1

**Prayer for Relief**

2      WHEREFORE, ServInt respectfully requests judgment against Rosen as

3  follows:

4          1.  Actual damages in an amount to be determined at trial, plus interest;

5          2.  Punitive damages;

6          3.  ServInt's costs of litigation, including attorneys' fees;

7          4.  For a declaration that Rosen engaged in copyright misuse and, as a

8              result, is precluded from enforcing his copyrights during the period of

9              misuse; and

10         5.  Such other and further relief as the Court deems proper.

11

12  Dated:      May 7, 2010          COOLEY LLP
                                     MICHAEL A. ATTANASIO (151529)
13                                   JOSEPH S. LEVENTHAL (221043)
                                     SARAH R. BOOT (253658)
14

15
                                     /s/ Joseph S. Leventhal
16                                   _____
                                     Joseph S. Leventhal (221043)
17                                   Attorneys for Defendant
                                     The ServInt Corporation
18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)