1  COOLEY LLP
   MICHAEL A. ATTANASIO (151529)
2  (mattanasio@cooley.com)
   JOSEPH S. LEVENTHAL (221043)
3  (jleventhal@cooley.com)
   SARAH R. BOOT (253658
4  (sboot@cooley.com)
   4401 Eastgate Mall
5  San Diego, CA  92121
   Telephone:  (858) 550-6000
6  Facsimile:   (858) 550-6420

7  Attorneys for Defendant
   The ServInt Corporation

8

9                    UNITED STATES DISTRICT COURT

10                      CENTRAL DISTRICT

11                                               **BY FAX**

12  Barry Rosen,                      | Case No.  CV-10-01940 MMM
                                      | (SHx)
13              Plaintiff,            |
                                      | THE SERVINT CORPORATION'S
14       v.                           | COUNTERCLAIM FOR: (1)
                                      | VIOLATION OF THE COPYRIGHT
15  The ServInt Corporation, and Does 1 | ACT, 17 U.S.C. § 512(f); (2)
    through 10,                       | VIOLATION OF CALIFORNIA'S
16                                    | UNFAIR COMPETITION LAW; (3)
              Defendants.            | TORTIOUS INTERFERENCE WITH
17                                    | CONTRACT; (4) NEGLIGENT
                                      | INTERFERENCE WITH CONTRACT;
18                                    | AND (5) DECLARATORY RELIEF

19

20  The ServInt Corporation,

21              Counterclaim Plaintiff,

22       v.

23  Barry Rosen, and Does 1 through 10,

24              Counterclaim Defendants.

25

26

27

28

Defendant and Counterclaim Plaintiff The ServInt Corporation ("ServInt") alleges on information and belief as follows:

1.     This is an action for violation of 17 U.S.C. § 512(f), part of the U.S. Copyright Act, violation of California's Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et seq.*, tortious interference with contract, negligent interference with contract, and declaratory relief, seeking a judicial declaration that Plaintiff and Counterclaim Defendant Barry Rosen ("Rosen") engaged in copyright misuse and, as a result, is precluded from enforcing his copyrights during the period of misuse.

## THE PARTIES

2.     Defendant and Counterclaim Plaintiff ServInt is a Virginia Corporation doing business in the State of California and is, and at all times herein mentioned was, qualified to do business in the State of California.

3.     Plaintiff and Counterclaim Defendant Rosen is an individual who, on information and belief, resides in Los Angeles, California.

4.     ServInt is unaware of the true names and capacities of Counterclaim Defendants sued herein as Roes 1-10 and, therefore, sues these Counterclaim Defendants by such fictitious names.   Counterclaim Plaintiff will amend this Counterclaim to allege their true names and capacities when ascertained. Counterclaim Plaintiff is informed and believes and therefore alleges that each of the fictitiously named Counterclaim Defendants is responsible in some manner for the allegations herein.

## JURISDICTION AND VENUE

5.     This Court has exclusive jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Copyright Act, 17 U.S.C. §§ 101 et *seq.*   In addition, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

1      6.    Venue is proper in this Court under 28 U.S.C. § 1400(a) because

2  Rosen resides in this judicial district.

3            **GENERAL ALLEGATIONS SUPPORTING THE COUNTERCLAIMS**

4      7.    ServInt provides reliable web hosting services to thousands of

5  customers around the world.  When ServInt was founded in 1995, the term

6  "dedicated server" did not exist.  While the website hosting industry did exist, most

7  websites were hosted on shared accounts.  ServInt's model put more power into the

8  hands of its customers, giving them entire servers and helping them build their

9  websites on those servers.  The hosting platform ServInt helped develop eventually

10  became known as the "dedicated server."  Many of ServInt's customers are resellers

11  that purchase Internet access from ServInt and re-sell that access to third parties.

12      8.    At every stage of its development, ServInt has been an organization

13  that has taken the technologies of the day and developed them into strong and stable

14  solutions.  ServInt built solutions that businesses could rely upon to better achieve

15  their goals and bolster their livelihoods.

16      9.    ServInt also serves nonprofit organizations, offering programs for free

17  or significantly discounted hosting.  Through its FreeNet program, ServInt has

18  provided Enterprise-grade web infrastructure for hundreds of nonprofit

19  organizations.  The company is also philanthropic with its executives serving

20  groups such as the San Diego Social Venture Partners and the Equinox Center.

21      10.    ServInt is rated "A" and accredited by the Better Business Bureau.  It

22  has won numerous awards for its services, including first place in the "managed

23  hosting" category by Dedicated Server Directory and recognized as "best of the

24  best" by FindMyHost.com.  ServInt is also active with the United States Internet

25  Industry Association ("USIIA") with an executive serving as a board member.  The

26  USIIA is focused on fostering fair competition and fueling broadband adoption on

27  the Internet.

28  ///

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHX)

11.     ServInt is also a leader in protecting intellectual property rights on the Internet and has a zero tolerance policy for data on its servers that infringe any intellectual property rights, including copyrights.  For example, upon learning that there is potentially infringing material on its servers, ServInt acts expeditiously to remove, or disable access to, the material.  In appropriate circumstances and in accordance with the Digital Millennium Copyright Act, ServInt terminates repeat infringers.  This is consistent with ServInt's robust Acceptable Use Policy, which prohibits its customers from infringing copyrights.  The Acceptable Use Policy is publicly posted on ServInt's website.  The Acceptable Use Policy also allows ServInt to cooperate with law enforcement with respect to conduct that may occur on its servers.   In fact, ServInt has cooperated with the Federal Bureau of Investigation related to postings on its servers by ServInt customers or third parties.  To facilitate the identification of potentially infringing material, ServInt has designated an agent to receive notifications of claimed infringement and has posted this information on its website in public view.

12.     Rosen is an individual who claims to be a professional photographer.  While he has registered certain copyrights with the United States Copyright Office, it does not appear that Rosen's primary source of income is as a professional photographer.  For example, Rosen has only approximately 15 photographs that have been registered with the Copyright Office in the last five years, the vast majority of which are unpublished and the remainder of which primarily reflect individuals who are engaged in adult entertainment, such as "Stormy Daniels" and Erika Eleniak.

13.     Rosen's primary focus over the last five years has been the filing of lawsuits alleging copyright infringement.  He has filed more than 20 lawsuits in the last five years – more lawsuits than copyright registrations.  Rosen has sent countless notices to numerous businesses under the Digital Millennium Copyright Act for online images that Rosen alleges infringe his copyrights.  The majority of

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

1   the lawsuits Rosen files target Internet service providers, which often causes the
2   Internet service provider to terminate the purported direct infringer.  Rosen does not
3   appear to target the purported direct infringer of his works.   To the contrary,
4   Rosen's failure to pursue the direct infringers leaves these actors unchecked and
5   allows Rosen to perpetuate his lawsuits against Internet service providers.

6       14.   On information and belief, many of the images for which Rosen
7   submits notices of claimed infringement are images that Rosen either: (1) does not
8   own a copyright; or (2) has not registered with the Copyright Office.   ServInt
9   believes that Rosen knowingly makes these misrepresentations in his notices of
10  claimed infringement.

11      15.   As only one example, Rosen submitted notices of claimed
12  infringement to ServInt – two notices on February 27, 2010 and one on March 4,
13  2010.  In each of these notices, Rosen provided links to images for which he did not
14  have a copyright registered with the Copyright Office.  Based on this conduct, it is
15  uncertain whether Rosen has any intellectual property interest in the images that
16  were the subject of the notices of claimed infringement.  Rosen subsequently filed
17  the present lawsuit alleging infringement based on these same images for which
18  Rosen does not have a copyright registered with the Copyright Office.

19
20
### FIRST CAUSE OF ACTION
### (Violation of the Copyright Act, 17 U.S.C. § 512(f))

21      16.   ServInt re-alleges and incorporates Paragraphs 1 through 15 of this
22  Counterclaim as though fully set forth herein.

23      17.   In the notices of claimed infringement submitted to ServInt, including,
24  but not limited to, notices dated February 21, 2010, February 25, 2010, February
25  27, 2010 (two notices), and March 4, 2010 (two notices), Rosen knowingly made
26  material misrepresentations that images on ServInt's servers infringed Rosen's
27  intellectual property rights, as described more fully above.

28  ///

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

1    18.   As a proximate result of Rosen's conduct, ServInt has suffered injury

2    and has been damaged in an amount subject to proof at trial to include actual

3    damages, including costs and attorneys' fees, incurred by ServInt as permitted

4    under 17 U.S.C. § 512(f).

5                          **SECOND CAUSE OF ACTION**
                  **(Violation of California's Unfair Competition Law)**
6

7    19.   ServInt re-alleges and incorporates Paragraphs 1 through 18 of this

8    Counterclaim as though fully set forth herein.

9    20.   Rosen's conduct alleged above constitutes unfair business practices

10   within the meaning of and in violation of California Business & Professions Code

11   sections 17200 *et seq.*

12   21.   As a result of Rosen's conduct, ServInt has been harmed as alleged

13   above.

14   22.   Specifically, ServInt suffered injury in fact and lost money or property

15   as a result of Rosen's conduct in that it lost certain revenue due to the exclusion of

16   certain accounts from its servers under the mistaken belief that the accounts were

17   enabling the hosting of images that infringed Rosen's copyrights.

18   23.   As a result of Rosen's conduct, ServInt is entitled to and seeks

19   disgorgement and/or restitution of any revenue received by Rosen as a result of his

20   unlawful conduct and an injunction.

21                          **THIRD CAUSE OF ACTION**
                      **(Tortious Interference with Contract)**
22

23   24.   ServInt re-alleges and incorporates Paragraphs 1 through 23 of this

24   Counterclaim as though fully set forth herein.

25   25.   Rosen knows that ServInt entered into contracts between it and its

26   customers for the provision of website hosting. Rosen is further aware that notices

27   of claimed infringement are likely to result in ServInt forcing the removal of

28   particular customer content and possibly the termination of a customer account,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

1   regardless of whether such conduct actually infringes intellectual property rights,

2   because of the legal obligations imposed on ServInt.

3       26.    Rosen knew, for example, that his submission of notices of claimed

4   infringement for images hosted on ServInt's infrastructure for the domains

5   wallpapers4u.com and celebritieshub.com were likely to result in ServInt forcing its

6   customer to remove certain content from those domains or to shut down those

7   domains entirely.  Rosen knew further that the submission of repeated notices of

8   alleged infringement for these two domains was likely to result in ServInt

9   terminating its relationship with the customer's entire server account related to the

10  hosting of these domains, thereby losing all revenue associated with the account,

11  not just the domains.

12      27.    As a direct and proximate result of the actions of Rosen as alleged

13  herein, ServInt has suffered and continues to suffer damages in an amount to be

14  proven at trial.  In undertaking the course of conduct alleged herein, Rosen acted

15  with oppression and malice in that he deliberately submitted notices of claimed

16  infringement with false information to intentionally harm ServInt's business.

17  ServInt is therefore entitled to punitive damages in an amount sufficient to punish

18  Rosen and to deter him from engaging in such conduct in the future.

### FOURTH CAUSE OF ACTION
### (Negligent Interference with Contract)

21      28.    ServInt re-alleges and incorporates Paragraphs 1 through 27 of this

22  Counterclaim as though fully set forth herein.

23      29.    Rosen's conduct, as alleged more fully in paragraphs 25 through 27 of

24  this Counterclaim, if not intentional, was at least negligent.

25      30.    Rosen's conduct disrupts, and has disrupted, the contractual

26  relationship between ServInt and its customer that hosts the domains subject to

27  Rosen's notices of claimed infringement.  Rosen's conduct, as described above,

28  was undertaken by using improper motive and means.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

1    31.    As a direct and proximate result of the actions of Rosen as alleged

2    herein, ServInt has suffered and continues to suffer damages in an amount to be

3    proven at trial.

### FIFTH CAUSE OF ACTION
### (Declaratory Relief)

6    32.    ServInt re-alleges and incorporates Paragraphs 1 through 31 of this

7    Counterclaim as though fully set forth herein.

8    33.    Rosen possesses one or more copyrights.  Relying on the fact that he

9    possesses one or more copyrights, and the fact that images associated with

10   copyright registrations are not publicly available, Rosen submits notices of claimed

11   infringement under the Digital Millennium Copyright Act that contain false

12   information.

13   34.    Rosen has asserted his copyrights, in both notices of claimed

14   infringement and to allege infringement by ServInt and others, in an attempt to

15   leverage the limited monopoly granted by the Copyright Act to areas outside the

16   copyright monopoly or otherwise granted by the Copyright Act including to images

17   for which Rosen does not have a valid or enforceable copyright registered with the

18   U.S. Copyright Office.

19   35.    Rosen's use of the Copyright Act in conjunction with his copyrights in

20   this manner violates the underlying public policy of the Federal copyright laws.

21   Rosen's use of the Copyright Act in conjunction with his copyrights to expand his

22   monopoly to areas outside the copyright grant in a manner that is contrary to public

23   policy constitutes a misuse of Rosen's copyrights.

24   36.    ServInt has been directly harmed by Rosen's use of the Copyright Act

25   in conjunction with Rosen's misuse of his copyrights.  ServInt is therefore entitled

26   to a declaratory judgment finding Rosen's copyrights to be unenforceable until that

27   time that Rosen discontinues the use of the Copyright Act in conjunction with the

28   misuse of his copyrights.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)

## Prayer for Relief

WHEREFORE, ServInt respectfully requests judgment against Rosen as follows:

1. Actual damages in an amount to be determined at trial, plus interest;

2. Punitive damages;

3. ServInt's costs of litigation, including attorneys' fees;

4. For a declaration that Rosen engaged in copyright misuse and, as a result, is precluded from enforcing his copyrights during the period of misuse; and

5. Such other and further relief as the Court deems proper.

Dated:      May 7, 2010                    COOLEY LLP
                                           MICHAEL A. ATTANASIO (151529)
                                           JOSEPH S. LEVENTHAL (221043)
                                           SARAH R. BOOT (253658)


                                           Joseph S. Leventhal (221043)
                                           Attorneys for Defendant
                                           The ServInt Corporation

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

THE SERVINT CORPORATION'S
COUNTERCLAIM AGAINST ROSEN
CV-10-01940 MMM (SHx)